JAMIE Y. LEE, Bar No. 228389
jylee@littler.com
LITTLER MENDELSON, P.C.
18565 Jamboree Road, Suite 800
Irvine, CA 92612
Telephone: 949.705.3067
Fax No.: 949.892.1091

Attorneys for Defendant
SUEZ WATER ENVIRONMENTAL
SERVICES INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BINH DANG,<br><br>            Plaintiff,<br><br>      v.<br><br>SUEZ WATER ENVIRONMENTAL SERVICES, INC. and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No.  8:22-CV-00411<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT FROM STATE COURT BASED ON DIVERSITY OF CITIZENSHIP**<br><br>**[28 U.S.C. §§ 1332, 1441(b) and 1446]** |

NOTICE OF REMOVAL TO FEDERAL
COURT

4885-6733-7748.1 / 068233-1000

**TO THE ABOVE-ENTITLED COURT, PLAINTIFF BINH DANG AND HIS ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendant SUEZ WATER ENVIRONMENTAL SERVICES INC. ("Defendant") hereby removes the above-captioned action from the Superior Court for the State of California, in and for the County of Los Angeles, to the United States District Court, Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446 on the following grounds:

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction of the State Court Action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. § 1441(a) and (b), the State Court Action may be removed to this Court by Defendant because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

## PLEADINGS, PROCESS, AND ORDERS

2. On February 17, 2022, Plaintiff Binh Dang ("Plaintiff") filed a Complaint ("Complaint" or "Compl.") in Los Angeles Superior Court, entitled *Binh Dang v. Suez Water Environmental Services, Inc. and Does 1-50 inclusive,* Case No. 22STCV06103 (the "State Court Action"). The Complaint asserts the following causes of action: (1) Discrimination; (2) Failure to Prevent Discrimination; (3) Family Leave Violation; (4) Violation of Labor Code Sections 230.8, 233, 246.5; and (6) Wrongful Termination.

3. On February 18, 2022, Plaintiff served Defendant with the Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, Alternative Dispute Resolution (ADR) Information Package, Order Pursuant to CCP 1054(a), and First Amended General Order. (Declaration of Jamie Y. Lee ("Lee Decl."), ¶ 2 & Exh. A.)

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Ste. 800
Irvine, CA 92612
949.705.3000

NOTICE TO FEDERAL COURT OF REMOVAL

1.

4885-6733-7748.1 / 068233-1000

4.     On March 15, 2022, Defendant filed a general denial and affirmative defenses to the Complaint in Los Angeles County Superior Court. (Lee Decl., ¶ 3 & Exh. B.)

5.     Pursuant to 28 U.S.C. § 1446(d), A & B constitute all process, pleadings, and orders filed in the State Court Action. (Lee Decl., ¶ 4.). To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in the State Court Action. (*Id.*)

6.     To Defendant's knowledge, no proceedings related hereto have been heard in the State Court Action and no other parties have been named or served with the Summons and Complaint in the State Court Action. (*Id.* at ¶¶ 4-5.)

## TIMELINESS OF REMOVAL

7.     This Notice of Removal is timely filed as it is within thirty (30) days of February 18, 2022, the date of service of the Summons and Complaint, and within one year from the commencement of the State Court Action.  *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (noting the 30-day removal period runs from the service of the summons and complaint).

## DIVERSITY OF CITIZENSHIP

8.     Plaintiff is a Citizen of California.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

9.     At the time Plaintiff commenced the State Court Action, and at the time of removal, Plaintiff was a citizen of the State of California. (Compl., ¶ 2.); *see also Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Ste. 800
Irvine, CA  92612
949.705.3000

NOTICE TO FEDERAL COURT OF REMOVAL
2.

4885-6733-7748.1 / 068233-1000

complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (place of residence provides "*prima facie*" case of domicile). Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

10.   <u>Defendant is not a Citizen of California</u>.  For purposes of diversity jurisdiction, a corporation is deemed a citizen of its State of incorporation and the State where it has its principal place of business.  28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters." *Id.* at 80-81; *see also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed). Furthermore, for purposes of diversity jurisdiction, a holding company's principal place of business is the place where it holds its board meetings.  *3123 SMB LLC v. Horn*, 880 F.3d 461 (9th Cir. 2018).

11.   Defendant was, at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware. (Declaration of Tnaysha Simmons ("Simmons Decl."), ¶ 3.) Defendant's corporate headquarters, where its executive and administrative functions are located, is in Paramus, New Jersey. Although Defendant conducts business in multiple states, its business is coordinated through its headquarters in Paramus, New Jersey, including making final decisions regarding all corporate-wide issues including decisions related to its operations, policies, legal matters, contracts, purchasing, public affairs, revenue management, advertising and marketing. (*Id.*) Accordingly, Defendant is not a citizen of California,

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Ste. 800
Irvine, CA  92612
949.705.3000

NOTICE TO FEDERAL COURT OF REMOVAL                3.

4885-6733-7748.1 / 068233-1000

but rather, it is a citizen of the States of Delaware and New Jersey for purposes of determining diversity of citizenship.

12.    The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.")

13.    Therefore, since the Defendant is not a citizen of the forum State, i.e., California, complete diversity exists for purposes of 28 U.S.C. § 1332. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

## AMOUNT IN CONTROVERSY

14.    Defendant only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Further, the U.S. Supreme Court has held under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court further held this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 551, 553.

15.    Here, the Court can reasonably ascertain from the Complaint and its Prayer for Damages that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." (internal citations and quotations omitted)).

16.    Specifically, in Plaintiff's Complaint, he seeks various forms of damages, including general and compensatory damages, special damages, actual

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Ste. 800
Irvine, CA 92612
949.705.3000

NOTICE TO FEDERAL COURT OF REMOVAL                    4.

4885-6733-7748.1 / 068233-1000

damages, punitive damages, reinstatement, equitable relief, attorney's fees, and interest. (Compl., ¶¶ 14-17, 22-25, 34-37, 43-46, 49, 52-54, Prayer for Relief.)

17.     At the time of Plaintiff's termination of employment on January 22, 2021, he earned $33.87/hour and regularly worked 40 hours per week, as well as overtime hours. (Simmons Decl., ¶ 4.)  In 2020, Plaintiff's final full year of employment with Defendant, he earned a total of $108,066.82. (*Id*.)  Assuming that Plaintiff would have continued to work on a full-time basis until the date of Plaintiff's filing of the Complaint (January 22, 2021 to February 18, 2022), back pay would be calculated at $75,868.80, excluding overtime wages ($33.87 x 40 hours/week x 56 weeks = $75,868.80).

18.     Plaintiff's backpay damages from the date of his termination to the date of his Complaint alone exceed $75,000.00, which will presumably accrue through trial.  The additional damages sought in Plaintiff's Complaint, including emotional distress damages, punitive damages, and attorney's fees will also increase his potential recovery.

19.     Finally, Plaintiff seeks such open-ended relief "[f]or such other and further relief that the court considers proper." (Compl, Prayer for Relief at ¶ 6.) Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp*., 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) ("open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met amount in controversy requirement even though she plead in the complaint that she did not assert claim in excess of $75,000.)

20.     In sum, although Defendant does not concede Plaintiff's claims have any merit, based on the above information, it is certain that the amount in controversy for Plaintiff's claims more likely than not exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs. Thus, this Court has original jurisdiction over the claims

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Ste. 800
Irvine, CA 92612
949.705.3000

NOTICE TO FEDERAL COURT OF REMOVAL                    5.

4885-6733-7748.1 / 068233-1000

asserted by Plaintiff in the State Court Action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## **PROPER VENUE**

21.   Venue lies in the Central District of California, Southern Division, pursuant to 28 U.S.C. §§ 84(c)(2), 1441(a), and 1446(a). Plaintiff originally filed the action in the Superior Court of the State of California for the County of Los Angeles. Plaintiff's residence is located in Westminister, a city within Orange County, California. (Simmons Decl., ¶ 4.) Pursuant to 28 U.S.C. § 84(c)(2), the appropriate assignment of the State Court Action is to the Southern Division of this Court.

## **NOTICE TO PLAINTIFF AND THE SUPERIOR COURT**

22.   As required by 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, Defendant is providing written notice of such filing to Plaintiff's counsel of record: Heather McMillan and Daniel P. Stevens, STEVENS & McMILLAN, 335 Centennial Way, Tustin, CA 92780; heather@scmclaw.com; ken@scmclaw.com. (Lee Decl., ¶ 6) Additionally, a copy of this Notice of Removal will be provided to the Clerk of the Superior Court of the State of California, County of Los Angeles. (*Id.*)

**WHEREFORE**, Defendant hereby removes this action from the Superior Court of the State of California, in and for the County of Los Angeles, to the United States District Court, Central District of California, Southern Division.

Dated:  March 17, 2022

/s/ *Jamie Y. Lee*
JAMIE Y. LEE
LITTLER MENDELSON, P.C.
Attorney for Defendant
SUEZ WATER ENVIRONMENTAL
SERVICES INC.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Ste. 800
Irvine, CA  92612
949.705.3000

NOTICE TO FEDERAL COURT OF REMOVAL                     6.

4885-6733-7748.1 / 068233-1000